**Opinion issued September 23, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00597-CR**

————————————

**NONYA LAKISHA SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 488th District Court**
**Harris County, Texas**
**Trial Court Case No. 1836228**

---

## MEMORANDUM OPINION

The trial court found appellant, Nonya Lakisha Smith, guilty of the felony offense of injury to a child,[1] and the trial court assessed her punishment at confinement for ten years, suspended the sentence, placed her on community

---

[1]  *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (f).

supervision for five years, and assessed a fine of $100. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that he provided appellant with a copy of the *Anders* brief and his motion to withdraw. Counsel also informed appellant of her right to examine the appellate record and file a response to counsel's *Anders* brief. Further, counsel provided appellant with a form motion to access the appellate record.[2] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re*

---

[2] This Court also notified appellant that counsel had filed an *Anders* brief and a motion to withdraw and informed appellant that she had a right to examine the appellate record and file a response to her counsel's *Anders* brief. And this Court provided appellant with a form motion to access the appellate record. *See Kelly v.*

2

*Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a response to her counsel's *Anders* brief.

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that appellant may challenge a holding that there is no arguable ground for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

## Conclusion

We affirm the judgment of the trial court and grant appellant's appointed counsel's motion to withdraw.[3] Attorney Tom Abbate must immediately send

---

*State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

[3] Appellant's counsel still has a duty to inform appellant of the result of the appeal and that appellant may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

3

appellant the required notice and file a copy of the notice with the Clerk of this Court.

*See* TEX. R. APP. P. 6.5(c).  We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Justices Guerra, Guiney, and Johnson.

Do not publish.  TEX. R. APP. P. 47.2(b).